**LONE STARR MULTI THEATRES, INC., a Texas Corporation, d/b/a Cinema West, Appellant,**

v.

**STATE of Texas and Dan Morales, Attorney General of the State of Texas, in His Official Capacity Only, Appellees.**

No. 03–95–00502–CV.

Court of Appeals of Texas, Austin.

May 8, 1996.

Richard A. Anderson, Burleson, Pate & Gibson, Dallas, Tx, for Appellant.

Dan Morales, Attorney General, G. Stewart Whitehead, Assistant Attorney General, Austin, TX, for Appellees.

Before POWERS, JONES and B.A. SMITH, JJ.

POWERS, Justice.

Lone Starr Multi Theatres, Inc. appeals from a trial-court judgment that dismissed for want of jurisdiction Lone Starr's suit for declaratory and injunctive relief against the State of Texas and the Attorney General, Dan Morales. We will affirm the trial-court judgment.

## THE CONTROVERSY

Lone Starr sued for a declaratory judgment that the obscenity statutes, found in sections 43.21–43.26 of the Texas Penal Code, are unconstitutional. *See* Tex.Penal Code Ann. §§ 43.21–.26 (West 1994); Uniform Declaratory Judgment Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1986) (the "UDJA"). In addition, Lone Starr prayed to enjoin enforcement of the statutes. *See* Tex.Civ.Prac. & Rem.Code Ann. § 65.011 (West 1986 & Supp.1996). Appellees challenged the jurisdiction of the district court on two grounds: (1) Lone Starr's pleadings did not meet the jurisdictional requirements laid down in *State v. Morales,* 869 S.W.2d 941 (Tex.1994); and (2) a declaratory judgment would not terminate the controversy between the parties as required by section 37.008 of the UDJA. The trial court denied the plea on the first ground, finding subject matter jurisdiction under *Morales,* but sustained the plea on the second ground and dismissed the cause of action.

Lone Starr contends on appeal that the trial court abused its discretion in determining that no justiciable controversy existed under the UDJA. The Attorney General contends in a cross-point that the trial court erred in determining that it had jurisdiction under *Morales.*

## DISCUSSION AND HOLDINGS

■ A civil court, sitting in equity, does not have jurisdiction to declare a criminal statute unconstitutional and enjoin its enforcement unless:

(1) there is evidence that the statute at issue is unconstitutionally applied by a rule, policy or other noncriminal means

subject to a court's equity powers and irreparable injury to property or personal rights is threatened; *or* (2) the enforcement of an unconstitutional statute threatens irreparable injury to property rights. *Morales,* 869 S.W.2d at 942 (emphasis in original); *see also Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d 61, 63–64 (Tex. 1969), *cert. denied,* 402 U.S. 968, 91 S.Ct. 1667, 29 L.Ed.2d 133 (1971). We believe this jurisdictional rule necessarily, albeit implicitly, imposes a requirement that the party responsible for *enforcement* of the allegedly unconstitutional statute, either by prosecution or by promulgation of a rule adopted for the purpose of implementing such statute, must be the defendant against whom suit for declaratory or injunctive relief is brought. *See Passel,* 440 S.W.2d at 64 (finding jurisdiction in suit to enjoin school board from enforcing administrative regulation it adopted for purpose of implementing criminal statute); *City of San Antonio v. Rankin,* 905 S.W.2d 427, 429 (Tex.App.—San Antonio 1995, no writ) (finding jurisdiction in suit against City of San Antonio for declaratory and injunctive relief against enforcement of city's ethics ordinance); *cf. Crouch v. Craik,* 369 S.W.2d 311, 315 (Tex.1963) (holding trial judge could not enjoin district attorney from prosecuting violations of a penal statute that was not unconstitutional).

■ A requirement that a party with authority to enforce a particular statute be named in a suit to declare the statute unconstitutional is essential to effectuate the well-settled principle that courts are without jurisdiction to render advisory opinions. In a declaratory judgment action, there must exist *between the parties* a justiciable controversy that will be determined by the judgment; otherwise the judgment amounts to no more than an advisory opinion, which a court does not have the power to give. *Southwest Airlines v. Texas High–Speed Rail Auth.,* 863 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied); *see also State v. Margolis,* 439 S.W.2d 695, 698 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.) (suit for declaratory relief against attorney general dismissed for want of jurisdiction because no showing attorney general had enforced anti-trust laws). Simi-

larly, all parties against whom an injunction must run in order to be effective should be named in a suit for injunctive relief. Injunctions may not issue unless it is shown that the respondent will engage in or is engaging in the activity sought to be enjoined. *Morales,* 869 S.W.2d at 946 (citations omitted).

■ Under these rules, the trial court in the present cause was without jurisdiction to declare the obscenity statutes unconstitutional and enjoin their enforcement because authority to enforce the statutes is constitutionally vested not in the attorney general but in district and county attorneys. *See* Tex. Const. art. V, § 21. Nothing in the statutes or constitution of the State of Texas confers upon the attorney general authority to initiate prosecutions for violations of the obscenity statutes.

■ The constitution provides that the office of district attorney shall represent the State in district court and this power may be divided by the legislature between the county and district attorneys in cases of overlap. *See* Tex. Const. art. V, § 21; *Holmes v. Morales,* 906 S.W.2d 570, 574 (Tex.App.—Austin 1995, writ granted). These constitutional rules are codified in articles 2.01 and 2.02 of the Code of Criminal Procedure which give only county and district attorneys authority to represent the State in criminal prosecutions in district and inferior courts. *See* Tex.Code Crim.Proc.Ann. arts. 2.01, 2.02 (West Supp.1996); *State ex rel. Hill v. Pirtle,* 887 S.W.2d 921, 930 (Tex.Crim.App.1994) (plurality opinion). In contrast, the attorney general has no authority to initiate criminal prosecutions but is generally limited to representing the State in civil litigation.[1] *See* Tex. Const. art. 4, § 22; Tex.Gov't Code Ann. § 402.021 (West 1990); *Pirtle,* 887 S.W.2d at 930. An assistant attorney general may, however, perform the duties of the county or district attorney or otherwise assist in criminal prosecutions on appointment of a district judge in certain circumstances or at the request of the county or district attor-

ney. *See* Tex.Code Crim.Proc.Ann. art. 2.07 (West 1977 & Supp.1996); *see also Pirtle,* 887 S.W.2d at 930; *Davis v. State,* 840 S.W.2d 480, 487 (Tex.App.—Tyler 1992, pet. ref'd).

■ That the attorney general must be given notice of a suit to declare a statute unconstitutional does not suggest, as Lone Starr contends, that the attorney general is the proper party to sue in an action for declaratory or injunctive relief from the enforcement of a criminal statute. *See* Tex.Civ. Prac. & Rem.Code Ann. § 37.006(b) (West 1986); *Scurlock Permian Corp. v. Brazos County,* 869 S.W.2d 478, 483 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

We therefore hold the trial court lacked jurisdiction on the ground that a party responsible for prosecuting violations of the obscenity statutes, a district or county attorney, was not named in the action to declare these statutes unconstitutional and enjoin their enforcement. We need not, therefore, discuss appellees' cross point.

We affirm the trial-court judgment.

---

1. We do not agree with Lone Starr that the authority to employ and commission peace officers as investigators to assist the attorney general in "prosecution assistance and crime prevention" as provided in section 402.009 of the Gov-

ernment Code confers on the attorney general power, not otherwise constitutionally or statutorily provided, to initiate criminal prosecutions. *See* Tex.Gov't Code Ann. § 402.009 (West Pamph.1996).