TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00063-CV






Carole Keeton Rylander, Comptroller of Public Accounts for the


State of Texas, Appellant



v.



Marcie Caldwell, Individually and on Behalf of all Others Similarly Situated, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 99-13088, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







 Appellee Marcie Caldwell sued the Comptroller seeking a declaration that section
51.702(b) of the Texas Government Code is unconstitutional. The Comptroller filed a plea to the
jurisdiction, which the trial court denied. The Comptroller now appeals the trial court's
interlocutory order, (1) alleging that the court erred because appellee's suit is barred by sovereign
immunity or the trial court otherwise lacked subject matter jurisdiction. We will affirm the trial
court's order denying the plea to the jurisdiction.


BACKGROUND

 Caldwell filed a class action lawsuit challenging the constitutionality of section
51.702(b) of the Texas Government Code. The statute provides in part: "In addition to other
court costs, a person shall pay $15 as a court cost on conviction of any criminal offense in a
statutory county court, including cases in which probation or deferred adjudication is granted." 
Tex. Gov't Code Ann. § 51.702(b) (West Supp. 2000). The court cost is to be collected "in the
same manner as other fees, fines, or costs are collected in the case." Id. § 51.702(c). The court
clerk must then send the collected fees or costs to the Comptroller. See id. § 51.702(d). The
Comptroller deposits the fees into a judicial fund, which is used to supplement judges' salaries
in participating statutory county courts. See id. Not all counties with statutory county courts have
opted to collect the additional fees to supplement judges' salaries. Because this results in court
costs that vary from county to county, Caldwell claims her rights under the due course of law and
equal rights provisions of the Texas Constitution have been violated.

 In her suit, Caldwell, individually and on behalf of the certified class, sought to
enjoin the Comptroller from continuing to collect and disburse the court costs collected under
section 51.702(b) of the Government Code, asked the court to declare that section 51.702(b) of
the Government Code violates the Texas Constitution, and sought reimbursement of reasonable
attorney's fees. In response, the Comptroller filed a plea to the jurisdiction, alleging the court
was without jurisdiction to consider Caldwell's suit because (1) Caldwell lacks standing to seek
the relief requested; (2) the Comptroller is not the proper defendant; (3) injunctive relief is not
proper because Caldwell and the class have an adequate remedy at law; (4) Caldwell's claims are
barred by the doctrine of sovereign immunity; (5) Caldwell has no claim for declaratory relief;
and (6) Caldwell failed to comply with the Tax Code's requirements for claiming a refund. The
trial court denied the Comptroller's plea to the jurisdiction, and the Comptroller appeals this
interlocutory order. On appeal the Comptroller complains that Caldwell's suit is barred by
sovereign immunity, Caldwell is required to challenge the collection of the fees under the Texas
Code of Criminal Procedure, and no justiciable controversy exists between Caldwell and the
Comptroller that can be addressed through injunctive or declaratory relief. 


DISCUSSION

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
See Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). "A
plea to the jurisdiction contests the trial court's authority to adjudicate the subject matter of the
cause of action." Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,
No. 3-99-171-CV, slip op. at 5 (Tex. App.--Austin March 2, 2000, no pet. h.). In order to
prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations
in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent
from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer
jurisdiction on the trial court. See id.

 Because subject matter jurisdiction presents a question of law, we review the trial
court's decision under a de novo standard of review. See id. at 65. In reviewing a trial court's
ruling on a plea to the jurisdiction, we do not look at the merits of the case; rather, we "construe
the pleadings in favor of the plaintiff," look to the pleader's intent, and accept the pleadings'
factual allegations as true. Id. at 5. "The truth of the plaintiff's allegations is at issue only if the
defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on
the court." Id. at 5.

 In her first point of error, the Comptroller contends that Caldwell's suit is barred
by the doctrine of sovereign immunity because the State has not waived sovereign immunity in
suits such as this one unless the cause of action is brought under the Tax Code. In the alternative,
the Comptroller argues that while an exception to sovereign immunity arises for State officials'
ultra vires acts, the Comptroller's actions were not ultra vires and therefore, the exception does
not apply. (2)

 Sovereign immunity generally protects the State from lawsuits for damages absent
legislative consent to sue the State. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405
(Tex. 1997). However, when a party's rights have been violated by the unlawful acts of a state
official or by a state agent acting pursuant to an unconstitutional law, the suit is not an action
against the State requiring the State's consent. See Texas Workers' Compensation Comm'n v.
Garcia, 862 S.W.2d 61, 72 (Tex. App.--San Antonio 1993), rev'd on other grounds, 893 S.W.2d
504. This is true even though the judgment may be binding on the State. See id.

 The State maintains that the trial court was without jurisdiction to consider
Caldwell's cause of action because the "Legislature has not specifically granted Plaintiffs
permission to sue the Comptroller" to recover fees from the State or to enjoin the Comptroller
other than through the Tax Code. Chapter 112 of the Tax Code sets out the prerequisites
necessary to bring suit against the State to recover taxes or fees paid to the State under protest. 
See Tex. Tax Code Ann. § 112.052 (West 1992); Contran Corp. v. Bullock, 567 S.W.2d 616,
616 (Tex. Civ. App.--Austin 1978, no writ). Here, however, Caldwell does not seek a refund of
a tax or fee as contemplated by Chapter 112 of the Tax Code; nor is Caldwell seeking to enjoin
collection of the fees. The relief requested by Caldwell consists of a declaration that section
51.702 of the Government Code is unconstitutional and an injunction prohibiting the Comptroller
from continuing to administer funds pursuant to that section--claims that are in essence not against
the State and therefore do not require the State's consent to be sued. (3)

 The Comptroller also contends that it has not waived its sovereign immunity
because the Comptroller's acts in disbursing the collected fees were not ultra vires. The
Comptroller was acting pursuant to the legislature's mandate, and thus the exception to sovereign
immunity does not apply. According to the Comptroller, "there are no cases allowing declaratory
and injunctive relief . . . from the State without a waiver of sovereign immunity, where the State
was acting according to an express statute." We disagree.

 It is axiomatic that a "party must have legislative consent or statutory authorization
before it can maintain a suit and recover a judgment that will operate to control state action,
subject the state to liability, or affect the state's property rights and interests." Bagg v. University
of Tex. Med. Branch, 726 S.W.2d 582, 584 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd
n.r.e.). However, contrary to the Comptroller's assertions, it is also well recognized that
declaratory relief is the proper remedy when challenging the constitutionality of a statute and that
plaintiffs are not required to obtain the State's consent before suing for declaratory judgment. See
Garcia, 862 S.W.2d at 72; Cobb v. Harrington, 190 S.W.2d 709, 713 (Tex. 1945). A suit
seeking a declaratory judgment that a state agent is acting pursuant to an unconstitutional law is
not an action against the State barred by sovereign immunity. See Garcia, 862 S.W.2d at 72. 
It is also well settled that when a party's rights have been violated by a state agent's action
pursuant to an unconstitutional law, that party may sue to remedy the violation or prevent its
recurrence. See id.; Director of the Dep't of Agric. & Env't v. Printing Indus. Ass'n, 600 S.W.2d
264, 265-66 (Tex. 1980). Thus, a party may seek to enjoin the actions of a state official even
though the official may assert defenses only as a state official acting on behalf of the State and
even though the judgment may be binding on the State. See Garcia, 862 S.W.2d at 72; Bagg,
762 S.W.2d at 585. The suit is not a suit against the State. Because Caldwell's suit falls squarely
within this exception to sovereign immunity, we overrule the State's first point of error.

 The Comptroller next argues that Caldwell's exclusive remedy to contest the section
51.702(b) fees is to file a motion to correct costs under article 103.008 of the Code of Criminal
Procedure. The Comptroller maintains that the district court is without jurisdiction to consider
the constitutionality of the section 51.702 fees because they are criminal fees and should be
contested in the court where the criminal case was last pending. Article 103.008(a) of the Code
of Criminal Procedure provides: "On the filing of a motion by a defendant not later than one year
after the date of the final disposition of a case in which costs were imposed, the court in which
the case is pending or was last pending shall correct any error in the costs." Tex. Code Crim.
Proc. Ann. art. 103.008 (West Supp. 2000). By its express language, this article applies in cases
where a party complains of an "error" in the costs assessed. Clearly, Caldwell's suit does not
concern an allegation of any "error" in the calculation of costs. Rather, Caldwell is seeking a
declaration that the statute imposing the costs is unconstitutional. We therefore find article
103.008 inapplicable and hold that Caldwell was not limited to filing her suit in the court in which
her criminal case was tried. We overrule the Comptroller's second point of error.

 In her final point of error, the Comptroller presents two arguments. First, she
argues that because Caldwell is challenging a criminal statute, she must comply with the
requirements set forth in State v. Morales, 869 S.W.2d 941 (Tex. 1994), to confer jurisdiction
on the court, which she failed to do. Second, the Comptroller contends there is no justiciable
controversy to resolve between Caldwell and the Comptroller that injunctive or declaratory relief
would resolve. Even if the trial court were to enjoin the Comptroller from receiving and
disbursing the fees, she argues, the counties could continue to collect the fees without forwarding
them to the Comptroller to be deposited and disbursed. 

 We first address the Comptroller's characterization of section 51.702 as a criminal
statute. Citing Ex parte Carson, 159 S.W.2d 126 (Tex. Crim. App. 1942), the Comptroller
maintains that because court costs are part of the punishment assessed for an offense charged, the
statute authorizing the costs must be a criminal statute. See 159 S.W.2d at 129. A constitutional
challenge to the statute would therefore be subject to the requirements set forth in Morales. See
869 S.W.2d at 944-48. The Comptroller also emphasizes Carson's distinction between civil and
criminal court costs and the court's refusal to extend its holding to civil court costs. See 159
S.W.2d at 130 (op. on rehearing). She interprets this as an implication that court costs assessed
in criminal cases may only be challenged by appealing the criminal conviction. 

 The Comptroller has overstated the holding in Carson, which involved an appeal
of the denial of a writ of habeas corpus. See id. at 127. Carson argued that certain court costs
were unconstitutional. See id. The court of criminal appeals considered the constitutionality of
the court costs only as they applied to criminal convictions because the issue was presented on an
appeal of a criminal conviction. Contrary to the Comptroller's assertions, the court did not hold
that the statute authorizing the court costs must be a criminal statute, or that the statute can only
be challenged through an appeal of the criminal conviction for which they were assessed. The
holding in Carson did not turn on whether the statute authorizing the fees could be characterized
as a criminal statute, and it certainly did not turn on whether the constitutionality of the statute
could be determined in a civil suit. Accordingly, we do not find Carson applicable to this case. 


 The statute at issue here is intended to supplement judicial salaries, not to
criminalize certain behavior. Accordingly, we determine that this is not a criminal statute. 
Because section 51.702 is not a criminal statute, the trial court need not determine whether a civil
court's equity jurisdiction should be expanded to address the constitutionality of a criminal statute. 
See Morales, 869 S.W.2d at 942, 947. The issue before the district court is whether the manner
of funding an increase in judicial salaries has inadvertently run afoul of the constitution. Thus,
Caldwell was not required to satisfy the requirements set forth in Morales in order to confer
jurisdiction on the court.

 With regard to justiciable controversy, the Comptroller directs us to Lone Starr
Multi Theatres, Inc. v. State, 922 S.W.2d 295 (Tex. App.--Austin 1996, no writ), in support of
her argument that because she does not initially collect the fees, she is not the party responsible
for enforcement of the challenged statute. We agree that a court is without jurisdiction to
determine the constitutionality of a statute unless a party with authority to enforce the challenged
statute is named in the suit; otherwise, the judgment would amount to an advisory opinion, which
courts are unauthorized to give. See Lone Starr Multi Theatres, 922 S.W.2d at 297. Similarly,
a court may not issue an injunction unless "it is shown that the respondent will engage in or is
engaging in the activity sought to be enjoined." Id. at 298. It is also true, however, that a person
whose rights have been violated by a state official acting pursuant to an unconstitutional statute
"may bring suit to remedy the violation or prevent its occurrence." Printing Indus., 600 S.W.2d
at 265-66.

 In Lone Starr Multi Theatres, the plaintiff attempted to challenge the
constitutionality of obscenity statutes by suing the Attorney General--a party without authority to
enforce the challenged statutes. See 922 S.W.2d at 298. In this case, Caldwell challenges the
constitutionality of section 51.702(b) of the Government Code. Part of the statute states: "The
clerk shall send the fees and costs collected under this section to the comptroller at least as
frequently as monthly. The comptroller shall deposit the fees in the judicial fund." Tex. Gov't
Code Ann. § 51.702(d). The statute specifically designates the Comptroller as the official
responsible for the conduct Caldwell seeks to enjoin. Unlike the Attorney General in Lone Starr
Multi Theatres, the Comptroller has enforced the civil statute complained of in this case and
presumably will continue to enforce it, thereby conferring jurisdiction on the court. 

 The Comptroller suggests that even if the court were to declare the statute
unconstitutional and enjoin the Comptroller from administering the fees, counties could continue
to collect the fees; their actions would not be the subject of the injunction. We disagree with this
proposition for two reasons. First, if the Comptroller were enjoined from depositing the fees in
the judicial fund and distributing them to the counties, the counties would have no incentive to
continue to collect the fees. Section 51.702 mandates county clerks to send collected fees to the
Comptroller at least as frequently as monthly. See Tex. Gov't Code Ann. § 51.702(d). It does
not authorize the counties to hold onto the funds indefinitely or to supplement the judges' salaries
on their own. If the Comptroller were enjoined from depositing and disbursing the fees, the funds
could not be returned to the counties to supplement the judges' salaries. Under the statutory
scheme the counties are unable to supplement their judicial salaries directly by collecting the fees. 

 Moreover, if the court were to declare the statute unconstitutional but deny
injunctive relief, the Comptroller's conduct in depositing the funds and distributing them would
not be authorized by statute. Likewise, the counties' collection of the fees would no longer be
authorized. If the Comptroller were to continue to deposit the funds and distribute them, the
Comptroller would in effect be depositing and distributing funds that were collected pursuant to
an unconstitutional statute, and the fees would not be legitimate funds of the State or the counties. 
Because those funds include fees paid by Caldwell, Caldwell's rights may have been violated by
the Comptroller's actions, rendering a suit against the Comptroller to remedy the violation or to
prevent its recurrence a justiciable controversy within the trial court's jurisdiction. We therefore
hold the Comptroller is engaging in an activity that is the possible subject of declaratory and
injunctive relief. (4) We overrule the Comptroller's third issue. In deciding this interlocutory
appeal, we express no opinion on the merits of Caldwell's challenge to the statute. 

CONCLUSION

 Because we determine Caldwell's suit was not a suit against the State within the
rule of sovereign immunity, we hold the trial court was not deprived of its jurisdiction. We
further hold Caldwell was not limited to the remedies found in the Tax Code or the Code of
Criminal Procedure and that her suit presented a justiciable controversy. Therefore, we affirm
the trial court's order denying the plea to the jurisdiction.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 31, 2000

Publish
1. Section 51.014(a)(8) of the Texas Civil Practices and Remedies Code authorizes an appeal
of an interlocutory order granting or denying a governmental unit's plea to the jurisdiction. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2000).
2. The Comptroller originally argued that Caldwell's suit is barred because she seeks monetary
damages from the State. However, Caldwell's amended petition clearly asserts that she has
relinquished any claims that purport to seek money damages. In her post-submission brief, the
Comptroller acknowledges that appellees have renounced any claim for monetary relief and that
the appeal now centers on the question of the court's jurisdiction for declaratory and injunctive
relief. 
3. Even if we were to accept the Comptroller's argument and assume that Caldwell's suit is
intended to enjoin the Comptroller from collecting a "tax" as contemplated by Chapter 112 of the
Tax Code, Caldwell has not requested a refund of the funds collected. Thus, Caldwell would not
be relegated to the requirements of the Tax Code. Moreover, because we hold later in this
opinion this is not a suit against the State, Caldwell need not seek legislative consent or exhaust
the administrative remedies set out in the Tax Code before instituting this suit. Compare
Commercial Standard Fire & Marine Co. v. Commissioner of Ins., 429 S.W.2d 930, 934 (Tex.
Civ. App.--Austin 1968, no writ) (remedy by way of protest is not exclusive remedy, but
cumulative one where State has consented to be sued) with Contran Corp. v. Bullock, 567 S.W.2d
616, 617-18 (Tex. Civ. App.--Austin 1978, no writ) (in suit against State, plaintiff must allege and
prove consent or exhaust statutory administrative remedies to confer jurisdiction on court).
4. In reaching this holding, we do not intimate whether an injunction is appropriate under these
facts. The injunctive relief sought depends upon the premise that the Comptroller's actions were
unlawful or unconstitutional. See Bagg v. University of Tex. Med. Branch, 726 S.W.2d 582, 585
(Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Even if the trial court determines the
challenged statute is unconstitutional, the court must still determine whether injunctive relief is
a proper remedy in this case. If it is indeed Caldwell's intention to enjoin the "collection" of the
fees, then the court must grapple with whether all necessary parties have been named in this
dispute and whether the Comptroller is the party that is engaging in the activity sought to be
enjoined. However, because the Comptroller is a proper party to a suit seeking declaratory relief,
the district court would not be deprived of its jurisdiction to consider this cause. If a plaintiff's
pleadings do not affirmatively show a lack of jurisdiction, the proper remedy is to allow the
plaintiff an opportunity to amend its pleadings before dismissing the cause. See City of Austin v.
L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.--Austin 1998, no pet.).