**Reverse and Remand; Opinion Filed April 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01475-CV

### JANET L. SHEARER, Appellant
### V.
### RICH REISTER & THE LAW OFFICES OF RICH REISTER & ASSOCIATES,
### Appellees

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-12-06313

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Appellant Janet L. Shearer ("Shearer") contends the trial court erred in rendering summary judgment against her on her claims against Rich Reister and the Law Offices of Rich Reister & Associates ("Reister"), appellees, under the 2012 version of Government Code § 82.0651(c) ("the civil barratry statute"), which allowed plaintiffs to bring civil barratry claims against attorneys who violated "the laws of this state." Shearer claims she was entitled to recover against Reister because under the civil barratry statute, she can maintain a cause of action based upon their alleged violation of the 2012 version of Penal Code § 38.12(d)(2)(D), which prohibited an attorney from soliciting professional employment from a defendant in a civil suit unless the lawsuit in which the defendant was named had been on file for more than 31 days before the solicitation and which was incorporated by reference in the civil barratry statute.

We construe Shearer's brief as having raised two issues on appeal.[1] Shearer first argues the trial court erred when it granted summary judgment against her if the trial court determined Penal Code § 38.12(d)(2)(D), which was incorporated by reference into her civil barratry claim, is unconstitutional. Second, Shearer asserts the trial court erred if it rendered summary judgment on the ground that the civil barratry statute required a criminal prosecution or conviction under Penal Code § 38.12(d)(2)(D) as a prerequisite to recovery. For the reasons described below, we reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2012, Palisades Collection LLC sued Shearer for an alleged debt. On May 21, 2012, Shearer received a letter from Reister, dated May 17, 2012, concerning the Palisades case, in which they offered Shearer a free consultation to discuss her legal options. Shearer had never sought Reister's legal representation. On June 7, 2012, Shearer filed a petition alleging Reister violated Penal Code § 38.12(d)(2)(D) by soliciting her within thirty-one days of when the Palisades suit was filed and claimed she was entitled to a $10,000 statutory "penalty" and "reasonable and necessary attorney fees" from Reister as provided by the civil barratry statute.

Reister filed an answer and a plea to the jurisdiction.[2] Reister's answer included several "Affirmative Defenses," including that Shearer's claim had no merit because it relied upon Penal Code § 38.12(d)(2)(D), which Reister claimed had been ruled "unconstitutional and

---

[1] Shearer's brief to this court explicitly identified only one issue, arguing the constitutionality of Penal Code §38.12(d)(2)(D). However, Shearer also addressed a second assertion that was raised by Reister as one of the bases for their motion for summary judgment in the trial court, asserting the necessity of a criminal prosecution or conviction as a condition to recover under the civil barratry statute. Since this argument was also raised in the trial court, we construe this to be Shearer's second issue.

[2] Although the order does not appear in the Clerk's Record provided, the parties do not contest Reister's plea to the jurisdiction was denied by the trial court. The denial of the plea to the jurisdiction is not an issue before us.

unenforceable."[3] Reister also argued this Penal Code provision unconstitutionally restrained their "rights to commercial free speech" under the constitutions of both the United States and Texas. Further, Reister contended Shearer's claim "fails" because there was "no finding by the Attorney General, or any judicial or administrative body" that Reister had violated this law or engaged in barratry. The substance of these arguments, contending the unconstitutionality of Penal Code § 38.12(d)(2)(D) and the necessity of a criminal prosecution or conviction as a condition to civil recovery, was re-urged to the trial court in Reister's motion for summary judgment.

In her response to Reister's amended motion for summary judgment, Shearer argued what she claimed is a "dispositive" U.S. Supreme Court case, *State Bar of Florida v. Went for It*, that allegedly demonstrated Penal Code § 38.12(d)(2)(D) "passe[d] constitutional muster." Further, Shearer contended she had standing to pursue her claims because, contrary to Reister's assertion, the civil barratry statute did not require a criminal prosecution or conviction as a prerequisite to recovery. Reister replied, contending that Shearer offered no evidence to show the criminal barratry statute was constitutional or that the AG would ever seek to enforce it.

The trial court granted summary judgment for Reister that Shearer take nothing. This appeal followed.

## II. STANDARD OF REVIEW

"We review the summary judgment de novo to determine whether a party's right to prevail is established as a matter of law." *Mid-Continent Cas. Co. v. Castagna*, 410 S.W.3d 445, 449 (Tex. App.—Dallas 2013, pet. denied) (citing *Howard v. INA Cnty. Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex. App.—Dallas 1996, writ denied)). In our review, "we take as true all

---

[3] We note that, although the constitutionality of a state statute was at issue before the trial court, the statutorily required notice was not provided to the Attorney General ("AG") by the trial court. *See* TEX. GOV'T CODE ANN. § 402.010 (West 2012) (effective from June 17, 2011 to August 31, 2013). The record does reflect that some of Shearer's pleadings in the trial court contained certificates of service stating that copies of some filings had been sent to the AG, and the clerk of this court has also notified the AG of the constitutional challenge raised by the parties. Nevertheless, the record does not reflect that the AG made an appearance in either the trial court or this court.

evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, "a defendant must . . . disprove at least one element of the plaintiff's claim as a matter of law." *Innovate Tech. Solutions, L.P. v. Youngsoft, Inc.*, 418 S.W.3d 148, 151 (Tex. App.—Dallas 2013, no pet.). Where the trial court's order does not articulate the basis for summary judgment, the reviewing court "must affirm the trial court's judgment if any of the theories advanced are meritorious." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *Rogers v. Ricane*, 772 S.W.2d 76, 79 (Tex. 1989)).

## III. APPLICABLE LAW

### A. History of the Challenged Penal Code Provision

The 2012 version of the civil barratry statute, at issue before this court, provided as follows:

> A person who was solicited by conduct violating the laws of this state or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

TEX. GOV'T CODE ANN. § 82.0651(c) (West 2012) (effective from September 1, 2011 to August 31, 2013).[4] A person who was solicited by this conduct "may file a civil action against any person who committed barratry" and recover a penalty of $10,000, plus actual damages and

---

[4] Effective September 1, 2013, Government Code § 82.0651(c), not implicated by this case, was revised to read:

> A person who was solicited by conduct *violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas*, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

TEX. GOV'T CODE ANN. § 82.0651(c) (West 2013) (emphasis added). Penal Code § 38.12(d)(2)(D) is no longer cited as being incorporated by reference in this amended version of the civil barratry statute. Neither party disputes the constitutionality of either the 2012 or the 2013 version of this civil statute.

attorney's fees.  TEX. GOV'T CODE ANN. § 82.0651(d) (2012) (effective from September 1, 2011 to August 31, 2013).

The 2012 version of § 38.12(d)(2)(D) of the Penal Code is one of "the laws of this state" Shearer claims is incorporated by reference in the civil barratry statute and gives rise to her claim.  Pursuant to that section of the Penal Code, a person commits the criminal offense of barratry if the person

> with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice, or care a written communication or a solicitation . . . that . . . concerns a lawsuit of any kind . . . in which the person to whom the communication or solicitation is provided is a defendant or a relative of that person, unless the lawsuit in which the person is named as a defendant has been on file for more than 31 days before the date on which the communication or solicitation was provided.

TEX. PENAL CODE ANN. § 38.12(d)(2)(D) (West 2012) (effective from September 1, 2009 to August 31, 2013).

In 1994, "various commercial entities" sought an injunction in the United States District Court in the Southern District of Texas to prevent enforcement of then-recent amendments to Penal Code § 38.12(d)(2)(A)-(D)[5] and other laws.  *Moore v. Morales* ("*Moore I*"), 843 F. Supp. 1124, 1125 (S.D. Tex. 1994), *rev'd on other grounds*, 63 F.3d 358 (5th Cir. 1995). In that case, the plaintiffs sued the Texas Attorney General, the Director of the Texas Department of Public

---

[5] At the time the federal court injunction was sought in *Moore I*, Penal Code § 38.12(d)(2)(D) provided that a person commits the offense of barratry if the person

> with the intent to obtain professional employment for *himself* or for another, *sends or knowingly permits to be sent* to an individual who has not sought the person's employment, legal representation, advice, or care a written communication that . . . concerns a lawsuit of any kind . . . in which the person to whom the *communication is addressed* is a defendant or a relative of that person, unless the lawsuit in which the person is named as a defendant has been on file for more than 31 days before the date on which the *communication* was mailed.

TEX. PENAL CODE ANN. § 38.12(d)(2)(D) (West 1994) (emphasis added to show changes).

Safety, and the district attorneys of Webb and Wilson counties, among others. *Id.* According to the opinion of the trial court, "[a]ll the defendants agreed to be bound" by that court's decision. *Id.* On the merits, the trial court granted an injunction preventing enforcement of Penal Code § 38.12(d)(2)(A)-(D) on constitutional grounds, concluding those contested provisions did not meet the "requirements set forth by the Supreme Court," which "defined the limits within which states may regulate" commercial speech. *Id.* at 1133. Only one of these provisions, § 38.12(d)(2)(A) relating to personal injury victims, was at issue in the appeal of the trial court's decision. *Moore*, 63 F.3d at 360. The judgment and injunction of the trial court as to that section alone was reversed by the Fifth Circuit. *Id.* Accordingly, the trial court's judgment respecting § 38.12(d)(2)(B)-(D) was final and unchallenged. *See id.*

In 1999, the AG issued an opinion discussing the constitutionality of Penal Code § 38.12(d)(2)(C), concerning solicitation of criminal defendants. Tex. Att'y Gen. Op. No. JC-0022 (1999). Citing *Moore I* and other authorities, the AG concluded a "court would probably hold that § 38.12(d)(2)(C) of the Penal Code . . . contravenes the First Amendment to the United States Constitution." *Id.*

Since *Moore I* and the 1999 AG opinion, Penal Code § 38.12 has been amended several times, including most recently in 2009 and 2013.[6] In 2011, the Fifth Circuit expressed its uncertainty regarding *Moore I*'s binding effect as to the 2009 version of Penal Code § 38.12(d)(2)(C), concerning criminal defendants:

[A]ttorney Villasana challenges § 38.12(d) as it relates to written solicitations of arrestees. In 1994, the state successfully appealed the district court's judgment [in *Moore I*] holding the entire statute unconstitutional but only the part that related to written

[6] The 2009 version of this statute was in effect in 2012 when the events underlying this suit took place. Therefore, our discussion focuses only on this version of the law. We do not express an opinion on any alleged violations occurring after September 1, 2013, the effective date of the latest amendments.

solicitations of accident victims, leaving in place - *at least in theory* - the holding of the

district court as it relates to arrestees.

*McKinley v. Abbott*, 643 F.3d 403, 407 n.14 (5th Cir. 2011) (emphasis added).

**B. Jurisdictional Issues**

Regardless of whether the parties raise an objection to jurisdiction, "we are obligated to

review sua sponte issues affecting jurisdiction." *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673

(Tex. 2004) (per curiam) (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678

(Tex. 1990)).

When a party to litigation challenges the constitutionality of a Texas statute, the trial

court "shall . . . serve notice of the constitutional question . . . on the attorney general." TEX.

GOV'T CODE ANN. § 402.010 (West 2012) (effective from June 17, 2011 to August 31, 2013).

However, failure to do so "does not deprive the court of jurisdiction or forfeit an otherwise

timely filed claim or defense" based on the constitutional challenge. *Id.*; *see also In re J.D.*, No.

02-11-00328-CV, 2012 WL 3115804, at *1 n.3 (Tex. App.—Fort Worth Aug. 2, 2012, no pet.)

(indicating notice had been given to the AG in accordance with the statute, the AG filed no

response, and the court of appeals proceeded to decide the merits of case before it).

Because Texas has a bifurcated system of civil and criminal jurisdiction, a civil court has

jurisdiction to declare a criminal statute unconstitutional and enjoin its enforcement only when

> (1) there is evidence that the statute at issue is unconstitutionally applied by a rule,
>
> policy, or other noncriminal means subject to a civil court's equity powers and irreparable
>
> injury to property or personal rights is threatened, *or* (2) the enforcement of an
>
> unconstitutional statute threatens irreparable injury to property rights.

*State v. Morales*, 869 S.W.2d 941, 942 (Tex. 1994) (emphasis in original) (in a civil case where

plaintiffs sought an injunction solely against the prosecution of an allegedly unconstitutional

Penal Code provision, but did not allege that, absent an injunction, this provision would be enforced, the Texas Supreme Court concluded neither it nor either of the lower civil courts had jurisdiction to enjoin or declare this criminal provision unconstitutional). "A naked declaration as to the constitutionality of a criminal statute alone, without a valid request for injunctive relief, is clearly not within the jurisdiction of a Texas court sitting in equity." *Id.*

Another jurisdictional issue may be apparent from this record where there an "indispensable" party is absent from the suit. *See* TEX. R. CIV. P. 39. According to Rule of Civil Procedure 39, entitled "Joinder of Persons Needed for Just Adjudication," "a person who is subject to service of process shall be joined as a party in the action if . . . in his absence complete relief cannot be accorded among those already parties." *Id.* Although the Texas Supreme Court admonished that "it would be rare indeed if there were a person whose presence was so indispensable . . . that his absence deprives the court of jurisdiction to adjudicate between the parties already joined," *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982), there are in fact "rare cases in which failure to name an indispensable party will deprive a court of jurisdiction," including "where a party responsible for enforcing a statute is not named in an action to declare that statute unconstitutional." *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 37 S.W.3d 538, 540-41 (Tex. App.—El Paso 2001, pet. denied); *see also Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d 295, 297 (Tex. App.—Austin 1996, no writ.) (concluding "the party responsible for *enforcement* of the allegedly unconstitutional statute, either by prosecution or promulgation of a rule adopted for the purpose of implementing such statute, must be the defendant against whom suit for declaratory or injunctive relief is brought" (emphasis in original)). This requirement "is essential to effectuate the well-settled principle that courts are without jurisdiction to render advisory opinions." *Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d at 297.

In the *Lone Starr Multi Theatres, Inc.* case, the constitutionality of a Penal Code provision was challenged in a civil suit where declaratory and injunctive relief was sought against the State of Texas and the AG. *Id.* at 298. The Austin Court of Appeals held the trial court lacked equity jurisdiction "on the ground that a party responsible for prosecut[ing] violations of [these] statutes, *a district or county attorney*, was not named in the action to declare these statutes unconstitutional and enjoin their enforcement." *Id.* (emphasis added). Referring to a provision in the Uniform Declaratory Judgments Act that is similar to Government Code § 402.010 as to notice required to be given to the AG when statutes are challenged on constitutional grounds, the Austin Court of Appeals noted, "That the attorney general must be given notice of a suit to declare a statute unconstitutional does not suggest . . . that the attorney general is the proper party to sue in an action for declaratory or injunctive relief from the enforcement of a criminal statute." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 1986)).

Assuming the trial court had jurisdiction, when analyzing a constitutional challenge to a criminal statute, the reviewing court "must begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). The burden typically rests upon the individual challenging the statute to establish its unconstitutionality. *Id.* However, it is "well established that 'the party seeking to uphold a restriction on commercial speech carries the burden of justifying it.'" *Edenfield v. Fane*, 507 U.S. 761, 770 (1993) (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 61 n.20 (1983)). "Lawyer advertising is in the category of constitutionally protected commercial speech." *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 472 (1988) (citing *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977)).

## IV. APPLICATION OF THE LAW TO THE FACTS

In the case before us, as to the issue of constitutionality, we address only the version of Penal Code § 38.12(d)(2)(D) in effect when this claim arose.[7] This version was in effect from September 1, 2009 to August 31, 2013. It was superseded by a version of the Penal Code that became law on September 1, 2013. Neither party asserts that the 2013 version of Penal Code § 38.12(d)(2)(D) is implicated in this action. Further, we note that the civil barratry statute has also been amended, effective September 1, 2013, and that statute no longer contains language providing for the general incorporation by reference of the "laws of this state," nor is Penal Code § 38.12(d)(2)(D) expressly identified as being applicable.

### A. Constitutional Challenge to Penal Code § 38.12(d)(2)(D)

Before we address Shearer's argument that "the trial court erred in granting summary judgment on the issue of the constitutionality of [Penal Code] § 38.12(d)(2)(D)," we must focus on issues apparent in the record respecting whether the trial court had jurisdiction of the subject matter. In such instances, "[w]e are required to review *sua sponte* issues affecting jurisdiction." *Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2013, no pet.) (citing *M.O. Dental Lab.*, 139 S.W.3d at 673).

In our jurisdictional analysis, we must first determine whether Reister demonstrated that the trial court, as a court sitting in equity, had jurisdiction to declare this criminal statute unconstitutional. *Morales*, 869 S.W.2d at 942; *see also Lone Starr Multi Theatres, Inc.*, 922 S.W.2d at 297. Second, we must determine whether the "party with authority to enforce" this criminal statute was absent from these proceedings, thus "leav[ing] the trial court without jurisdiction." *See Lone Starr Multi Theatres, Inc.*, 922 S.W.2d at 297. Each proposition will be addressed in turn.

---

[7] TEX. PENAL CODE ANN. § 38.12(d)(2)(D) (West 2012) (effective from September 1, 2009 to August 31, 2013).

***1. Jurisdiction of Equity Courts to Consider Constitutional Challenge to Criminal Statutes***

A trial court addressing a civil matter has jurisdiction to declare a criminal statute unconstitutional if one of these conditions has been met:

(1) there is evidence that the statute at issue is unconstitutionally applied by a rule, policy or other noncriminal means subject to a court's equity powers and irreparable injury to property or personal rights is threatened; *or* (2) the enforcement of an unconstitutional statute threatens irreparable injury to property rights.

*Morales*, 869 S.W.2d at 942 (emphasis in original); *see also Lone Starr Multi Theatres, Inc.*, 922 S.W.2d at 297. In this case, the record shows Reister neither offered evidence that Penal Code § 38.12(d)(2)(D) was unconstitutionally applied by the civil barratry statute and that irreparable injury to their property or personal rights was threatened, nor did they show that enforcement of Penal Code § 38.12(d)(2)(d) threatened irreparable injury to their property rights. *Id.*

Reister raised unconstitutionality in their answer as an affirmative defense. Further, Reister elaborated on the issue of unconstitutionality in their motion for summary judgment stating, "The statute upon which [Shearer's] claim depends is void, rendering [Shearer's] claim invalid." The only evidence offered by Reister is a short affidavit from defendant Richard J. Reister attesting *inter alia* he had not met Shearer prior to the solicitation letter at issue. No evidence was offered respecting the issues identified in *Morales*. Rather, to support their position that Penal Code § 38.12(d)(2)(D) was unconstitutional, Reister offered only discussion of case law.

Reister relied on *Moore I*, asserting that this opinion of the U.S. District Court declared Penal Code § 38.12(d)(2)(D) unconstitutional and enjoined the AG from enforcing it. Reister acknowledged a part of the judgment and injunction rendered in *Moore I*, relating to other

sections of the Penal Code, had been reversed on appeal, but argued the "remaining ruling was left intact," including the part declaring § 38.12(d)(2)(D) unconstitutional.

In their motion for summary judgment, Reister also described a U.S. Supreme Court decision, *Shapero v. Kentucky Bar Association*, as "dispositive of the issues in this case." In *Shapero*, the Court concluded lawyer advertising was constitutionally protected commercial speech and determined states could not impose categorical prohibitions that prevented attorneys from soliciting business by sending truthful, non-deceptive letters to potential clients known to face particular legal problems. *Shapero*, 486 U.S. at 472, 479-80. Reister argued that, in reaching its decision, the *Shapero* court had to address "a nearly identical factual scenario as the one involved in this case," and that "there is fundamentally no substantive difference between the ban on direct-mail solicitations at issue in *Shapero* and the ban proposed by [Penal Code §] 38.12(d)(2)(D)."[8] However, in the briefing, Reister did not advise the trial court nor have they advised this court which party had the burden to attack or defend the constitutionality of Penal Code § 38.12(d)(2)(D). Further, no evidence was offered for the record to demonstrate whether the holding in *Shapero* or in any of the other cited cases directed the trial court to hold this statute unconstitutional.

Shearer responded to Reister's summary judgment motion arguing the statute was constitutional. No evidence was offered by Shearer.

In light of the absence of evidence in the record, we cannot agree that the case law offered by Reister in the trial court or before this court is dispositive. Additionally, the case upon which Reister relies heavily, *Moore I*, does not dictate a result because we are not bound by the judgment and injunction of that federal court. *See Villareal v. State*, 267 S.W.3d 204, 208

---

[8] Reister also listed other federal cases to show the "evolution of the case law in this arena". *See Peel v. Attorney Registration and Disciplinary Comm'n of Illinois*, 496 U.S. 91 (1990); *Zauderer v. Office of Disciplinary Counsel of the Sup. Ct. of Ohio*, 471 U.S. 626, 648 (1985); *In re R.M.J.*, 455 U.S. 191 (1982); *Bates*, 433 U.S. at 350; *Ficker v. Curran*, 119 F.3d 1150, 1156 (4th Cir. 1997).

(Tex. App.—Corpus Christi 2008, no pet.) ("Just as state courts are not bound by declaratory judgments, a lower federal court's issuance of an injunction . . . also fails to directly bind state courts."); *see also Sullo & Bobbitt P.L.L.C v. Abbott*, No. 12-10843, 2013 WL 3783751, at *3 (5th Cir. July 22, 2013) (in constitutional challenge to the civil barratry statute, Fifth Circuit noted neither *Moore I* nor the 1999 AG opinion was binding on that court and refused to "offer any view on the statute's constitutionality"). On this record, we conclude the trial court lacked jurisdiction to determine the constitutionality of this criminal statute. *See Morales*, 869 S.W.2d at 942.[9]

### 2. Absence of the Party Responsible for Enforcement

In addition, the case law directs the conclusion that a trial court lacks jurisdiction to hear a constitutional challenge when the "party with authority to enforce" a criminal statute in question is absent from the proceedings. *See Lone Starr Multi Theatres, Inc.*, 922 S.W.2d at 298. Since such a party is "indispensable" to the constitutional challenge, the absence of this person or persons from the suit leaves the trial court without jurisdiction to hear that challenge. *See* TEX. R. CIV. P. 39 ("A person who is subject to service of process shall be joined as a party in the action if . . . in his absence complete relief cannot be accorded among those already parties . . ."); *see also Motor Vehicle Bd.*, 37 S.W.3d at 540-41.

In the present case, based upon the allegations in the pleadings, it appears all acts or transactions involving the parties occurred in Dallas County. Accordingly, the authority to enforce this Penal Code provision is not vested in the AG, but rather in the Dallas County District Attorney. *See Lone Starr Multi Theatres, Inc.*, 922 S.W.2d at 298; *see also* TEX. CONST. art. V, § 21. While there is a statutory requirement the AG be notified of this proceeding given

---

[9] We also note that Reister did not expressly contend that Shearer had the burden to show Reister's alleged right of commercial speech was not infringed by this statute. *See Edenfield*, 507 U.S. at 770 ("[I]t is well established that 'the party seeking to uphold a restriction on commercial speech carries the burden of justifying it.'")

Reister's assertion of unconstitutionality, that does not vest the AG with the responsibility for enforcement. *See Lone Star Multi Theatres, Inc.*, 922 S.W.2d at 297.[10] We conclude the trial court lacked jurisdiction to decide the constitutional issues in this case because of the absence of the "party with authority to enforce" Penal Code § 38.12(d)(2)(D).

## B. Criminal Conviction or Prosecution as Prerequisite to Recovery

As its second contention that the trial court erred by rendering summary judgment, Shearer asserts that, contrary to Reister's position, a criminal case need not be "prosecuted against Reister" and "conviction by a criminal court [was not] a condition" for her to recover under the civil barratry statute. Reister first raised this argument in the trial court. On this record, this issue does not implicate constitutionality of Penal Code § 38.12(d)(2)(D). Rather, we construe Reister's contention to be that because there has been no criminal prosecution under the barratry statute nor was there a likelihood of such a prosecution, as a matter of law, Shearer's claim under the civil barratry statute "cannot accrue and cannot be ripe for review." In support of their position, Reister cites us to the 1999 AG Opinion, in which the AG opined, "a court would *probably* hold that [Penal Code] § 38.12(d)(2)(C) . . . contravene[d] the First Amendment." Tex. Op. Att'y Gen. No. JC-0022 (1999) (emphasis added). Shearer does not contest the fact that no prosecution has occurred or been threatened. Shearer only responds that Reister's argument lacks merit.

There was no contention by any party that this issue implicated the constitutionality of a Texas statute. Accordingly, we cannot conclude the trial court was without jurisdiction to address this ground. However, Reister has offered us no authority to support the merits of their

---

[10] Out of an abundance of caution, this court provided notice to the AG as described in Note 3, *supra*. See TEX. GOV'T CODE ANN. § 402.010 (West 2012) (effective from June 17, 2011 to August 31, 2013). However, we recognize the recent decision of the Court of Criminal Appeals in *Ex Parte Lo*, in which that court held this notice requirement was an "unconstitutional violation of separation of powers." *Ex Parte Lo*, No. PD-1560-12, 2014 WL 1032234, at *1-3 (Tex. Crim. App. Mar. 19, 2014) (concluding this legislative "interference" preventing a court from "enter[ing]" a final judgment for failure to comply with the AG notice requirements was a "constitutionally intolerable imposition on a court's power "). We recognize this holding and its application in "criminal cases." See TEX. CODE CRIM. PROC. ANN. art. 4.04 ("The Court of Criminal Appeals shall have . . . final appellate and review jurisdiction in criminal cases . . .").

argument. On the contrary, there is authority that reaches the opposite result. *See Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11-CV-1926-D, 2012 WL 2796794, at *4 n.9 (N.D. Tex. July 10, 2012), *aff'd*, No. 12-10843, 2013 WL 3783751 (5th Cir. July 22, 2013) ("[A]n action under the Civil Barratry Statute does not on its face require a conviction under the Criminal Barratry Statute but merely a showing that the defendant 'violat[ed] the laws of this state.'"). Furthermore, the AG opinion cited by Reister is inapplicable to this case respecting solicitation of parties sued in civil litigation. *See* Tex. Op. Att'y Gen. No. JC-0022. The opinion addresses only Penal Code § 38.12(d)(2)(C), relating to solicitation of criminal defendants. *See id.*

Reister's right to prevail was not established as a matter of law on this remaining argument. *See Mid-Continent Cas. Co.*, 410 S.W.3d at 449.

## V. CONCLUSION

In light of the absence of jurisdiction in the trial court to determine the constitutionality of Penal Code § 38.12(d)(2)(D) and our conclusion that Reister's sole remaining argument does not support summary judgment, we reverse the trial court's order granting summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

121475F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JANET L. SHEARER, Appellant

No. 05-12-01475-CV        V.

RICH REISTER & THE LAW OFFICES
OF RICH REISTER & ASSOCIATES,
Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-06313.
Opinion delivered by Justice Lang.   Justices
Moseley and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant JANET L. SHEARER recover her costs of this appeal from appellees RICH REISTER & THE LAW OFFICES OF RICH REISTER & ASSOCIATES.

Judgment entered this 28th day of April, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE