Bobby WEAVER, Sheriff of Gregg County, Texas, Appellant,

v.

Jim HEAD d/b/a A & P Amusements, Appellee.

No. 06–98–00110–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 19, 1998.

Decided Jan. 7, 1999.

William M. Jennings, Gregg County District Attorney, C. Patrice Savage, Assistant District Attorney, Longview, for appellant.

Rex A. Nichols, Nichols & Nichols, P.C., Longview, Mark Alan Evetts, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Sheriff Bobby Weaver has filed an appeal from a temporary injunction that directed him not to use or rely on an attorney general's opinion to support any attempt to prosecute Jim Head, d/b/a A & P Amusements, for the ownership, possession, or operation of a particular type of video machine or to seize the video machine. The machine is the type of device known as an eight-liner.

The State contends that the 188th District Court had no jurisdiction to grant the relief and, alternatively, that it abused its discretion by granting the temporary injunction.

Jim Head, d/b/a A & P Amusements, filed a petition seeking declaratory and injunctive relief. Head owns the machines described above, and alleged that the Sheriff had threatened to seize, confiscate, or shut down the machines based upon the authority of Attorney General Opinion DM–466, which suggests that this particular type of machine is, in fact, a gambling device. The attorney general's opinion was issued at the request of Senator David Sibley as Chairman of the Senate Committee on Economic Development.

Head sought a declaratory judgment that TEX. PEN.CODE. ANN. § 47.01(4)(B) (Vernon Supp.1999) is valid and constitutional; that because of the separation of powers provision of the Texas Constitution, the attorney general had no authority to suspend the exemption contained therein; that the various portions of the statute could not be severed one from the other; that the Sheriff had the duty to uphold the law; and that the Sheriff's actions violated various constitutional provisions.

The trial court entered a temporary restraining order on April 27, 1998. The order restrained the Sheriff from relying on the attorney general's opinion to arrest or prosecute Head. The court further ordered that any criminal prosecution could only be based upon probable cause to believe a violation of the Penal Code had occurred. The order explicitly refused to determine whether the items are "illegal gambling devices," and explicitly stated that the order did not prohibit the Sheriff from enforcing the provisions of Chapter 47 of the Penal Code.

On June 18, 1998, the court granted a temporary injunction. In the order, the court found that the Sheriff's utilization of DM–466 would violate the separation of powers provision of the Texas Constitution and that Head had vested property rights that would be violated by enforcement or prosecution based upon the attorney general's opinion. The court ordered the Sheriff to desist and refrain from:

(1) using or relying on Texas Attorney General's Opinion No. DM–466 to arrest or prosecute Plaintiff or his respective agents, employees or patrons, and

(2) using or relying on Texas Attorney General's Opinion No. DM–466 to seize or otherwise interfere with Plaintiff's ownership, possession or operation of his property.

The State contends the trial court has no jurisdiction in equity to interpret the law. There is no distinction in Texas jurisprudence between courts of equity and courts of law. District courts in Texas are no longer limited to specialized areas of jurisdiction. All district courts in Texas are empowered with general jurisdiction, although some are designated with primary responsibility in certain fields. The statutes do not limit the jurisdiction in district courts. *See* TEX. GOV'T.CODE ANN. §§ 24.007 and 24.008 (Ver-

non 1988). *See also,* TEX. CONST. art. V, § 8.[1]

■ In *State v. Morales,* 869 S.W.2d 941 (Tex.1994), the court held that before a court may construe a penal statute and enjoin its enforcement, the complainant must both attack the constitutionality of the provision and contend that its enforcement would irreparably injure vested property rights. In the present case, the complainant alleged both; thus, a justiciable controversy was raised, and the trial court had jurisdiction over the matters alleged.

■ The trial court's order explicitly and exclusively prohibited the Sheriff from relying on an opinion from the attorney general's office as the basis for arresting or prosecuting Head. The court did not set out the meaning of the law in any respect or attempt to interpret it. While attorney general's opinions are persuasive, they are not binding on the courts. *Ex parte Schroeter,* 958 S.W.2d 811, 813 (Tex.Crim.App.1997); *Tussey v. State,* 494 S.W.2d 866, 870 n. 3 (Tex. Crim.App.1973).

Head contends that the appeal of the judgment is meaningless because the State admitted in open court that it was "not relying on the AG's opinion in the enforcement of this particular law." This appears to remove all controversy on the matter; however, we recognize that a trial on the permanent injunction is still pending in which further relief could be granted, and we recognize that reliance on attorney general's opinions sometimes becomes a crucial issue in later civil litigation. We will not make a determination in this proceeding on a temporary injunction that might affect future civil litigation on the matter of good faith, nor will we address the issue of whether such an announcement constituted some type of judicial admission on the part of the Sheriff.

Attorney general's opinions are authorized by law. TEX. GOV'T.CODE ANN. § 402.042 (Vernon 1998). They sometimes become important for use by a public official to avoid personal liability for official acts by a showing of good faith in acting in reliance on an attorney general's opinion. *City of Garland v. Dallas Morning News,* 969 S.W.2d 548, (Tex.App.-Dallas 1998, pet. granted); *see also,* Comments, THE TEXAS OPEN RECORDS ACT: *A SECTION-BY-SECTION ANALYSIS,* 14 HOUS. L. REV. 398, 430 (1977).

■ The attorney general serves in the capacity of the legal advisor for state agencies, which includes subdivisions of the state. The attorney general serves this role and issues advisory opinions as a part of the executive branch. A court may invalidate an opinion by the attorney general by making a contrary ruling interpreting a statute, or otherwise contrary to the position expressed in the attorney general's opinion. The trial court in the present case avoided making an interpretation of the statute in question, and we have been cited to no other cases in which a ruling was made contrary to the attorney general's opinion in question.

Our system does not generally provide for a trial court to prohibit a party from relying upon legal advice from a proper source. If the trial court wished to nullify the attorney general's opinion in question, that issue was before it. The court cannot circumvent addressing the application of the statute by simply ruling on the attorney general's opinion. To allow such a ruling to stand would provide bad precedent for future cases and would permit a trial court to circumvent addressing the application of the statute at issue. The ruling in this case applying only to the reliance upon an attorney general's opinion tends to create confusion. Does this prevent the Sheriff from relying on advice from the district attorney's office, who in turn may be relying on the opinion? Is this ruling applicable to other law enforcement officials in the county? Does it nullify this attorney general's opinion only as to the Sheriff of Gregg County, or does it have further ramifications? There are no precedents of which this Court is aware that would provide the answers for what the ramifications might be.

---

1. The version of this constitutional provision in effect prior to its 1985 amendment was extremely detailed. Rather than simply stating that the court had complete jurisdiction, it set out the different types of cases over which the district court had authority, and specifically stated that the court had jurisdiction "of all suits, complaints or pleas whatever, without regard to any distinction between law and equity...." TEX. CONST. of 1876, art. V, § 8.

The ruling by the trial court was not in answer to any of the relief sought by Head. Head sought a declaratory judgment on the validity and constitutionality of *the statute,* a ruling that the attorney general had no authority to suspend the exemption within the statute,[2] a ruling that the statute in question could not be severed, and a ruling that the Sheriff had a duty to uphold the law and that his actions violated the Constitution. The trial court did not rule on any of these matters, but instead granted an improper temporary injunction.

A specific ruling by the court on the interpretation and application of the statute would supersede an attorney general's opinion, but it is not the role of the court to interpret or prohibit an official from relying on that opinion until the court itself issues an interpretation and ruling contrary to the opinion. By the very nature of a judicial ruling, that ruling would take precedence over the opinion.

The trial court's order prohibiting the Sheriff from relying on the attorney general's opinion, without a showing that it conflicts with a judicial holding or has been declared unconstitutional, is invalid. The order of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

---

**2.** The attorney general by opinion cannot suspend any portion of a criminal statute and through issuing an opinion has not sought to do so.