**Buddy W. ROBINSON, d/b/a Baby Dolls, Appellant,**

v.

**JEFFERSON COUNTY, Texas, Appellee.**

**No. 06–00–00045–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 12, 2000.

Decided Jan. 11, 2001.

Rehearing Overruled Feb. 27, 2001.

Glen A. Engle, Beaumont, Steven H. Swander, Fort Worth, for appellant.

Thomas F. Rugg, Jefferson County Dist. Attorney's Office, John B. Johnson, Asst. Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

■ Buddy W. Robinson, d/b/a Baby Dolls ("Robinson"), appeals from a summary judgment for Jefferson County in Robinson's suit for declaratory judgment and an injunction prohibiting the enforcement of the County's "Regulations for Sexually Oriented Businesses in the Unin-

corporated Area of Jefferson County, Texas." [1]

Robinson operates a nightclub business as a "Class I enterprise" under the regulations. "Enterprise" is defined in Section IV(q) of the county regulations as:

[A] sexually oriented business enterprise is a commercial enterprise the primary business of which is the offering of a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer. This definition includes but is not limited to: sex parlors; nude studios; modeling studios; love parlors; adult bookstores; adult movie theaters; adult video arcades; adult movie arcades; adult video stores; adult motels; *adult cabarets;* escort agencies; and sexual encounter centers.

(Emphasis added.) An "adult cabaret" is defined by Section IV(c) of the regulations as:

[A] nightclub, bar, restaurant, or similar commercial establishment that features:

(1) persons who appear totally nude, semi-nude or in a state of nudity as defined in this section;

(2) live performances which are characterized by the exposure of specified anatomical areas or specified sexual activities as defined in this section; or

(3) films, motion pictures, computer simulations, video cassettes, slides or other reproductions which are characterized by the depiction or description of specified sexual activities or specified anatomical areas as defined by this section.

Section XXII(a)(17) of the regulations provides:

(a) The following shall be violations of these regulations punishable as authorized in Section 243.010(b) of the Local Government Code. Each day a violation continues constitutes, and is punishable as, a separate offense:

. . . .

(17) for any person to possess or consume any alcoholic beverage on the premises of any Class I enterprise unless such possession and/or consumption is authorized by a permit or license issued pursuant to the Texas Alcoholic Beverage Code.

In his petition, Robinson states that before bringing this action, he and others similarly situated sued in the United States District Court, challenging the regulations on federal and state constitutional grounds. *DFW Vending, Inc. v. Jefferson County,* 991 F.Supp. 578 (E.D.Tex.1998). The United States District Court upheld the validity of the regulations against all challenges except the challenge that state law preempts any local government regulation of the possession and consumption of alcohol. In this regard, the United States District Court refused to exercise its supplemental jurisdiction to determine this state law question, noting that such determination "is better suited to the expertise of a state court." *DFW Vending, Inc. v. Jefferson County,* 991 F.Supp. at 585. Thereafter, Robinson and other plaintiffs sued in state district court in Jefferson County for a declaration of rights, which suit was dismissed without prejudice. Robinson alleges that the plaintiffs in that action sought, by dismissal of their suit, to get Jefferson County to modify the regulations. Because the County did not do so, the suit was refiled as this action. In its order granting the County's motion for summary judgment, the trial court found there were no genuine issues of fact in the case.

**1.** Robinson's original petition did not include a request for injunctive relief. A naked declaration as to the constitutionality of a criminal statute alone, without a valid request for injunctive relief, is not within the jurisdiction of a Texas court sitting in equity. *State v. Morales,* 869 S.W.2d 941, 942 (Tex.1994); *City of Longview v. Head,* 33 S.W.3d 47 (Tex.App.—Tyler 2000, no pet. h.).

Robinson contends that Section XXII(a)(17) of the regulations is contrary to the provisions of the Texas Alcoholic Beverage Code, which he contends preempts regulation in this area because it purports to regulate, by location, the possession and consumption of alcoholic beverages, a matter he contends is left to the comprehensive regulation and control of the State. Further, he relies on the legislation which enables counties to enact ordinances regulating sexually-oriented businesses, Tex.Loc.Gov't Code Ann. § 243.005(c) (Vernon 1999), which states:

> This chapter does not affect the existing preemption by the state of the regulation of alcoholic beverages and the alcoholic beverage industry as provided by Section 1.06, Alcoholic Beverage Code.

Robinson contends that the county regulation effectively prohibits the consumption of alcoholic beverages on the premises of sexually-oriented businesses, because the State does not license such consumption or possession. He contends that the regulation discriminates by making such consumption dependent on whether Baby Dolls holds a permit to do so under the Texas Alcoholic Beverage Code.

The County contends that the trial court lacked jurisdiction over this case because (1) Robinson has an adequate remedy at law; and (2) Robinson failed to sue the Jefferson County criminal district attorney, the officer charged with enforcing the penal regulation in question.

Regarding the preemption and discrimination arguments, the County contends that because its prohibition of the consumption of alcoholic beverages in sexually-oriented businesses not licensed or permitted under the Alcoholic Beverage Code is consistent with its enabling legislation, Chapter 243 of the Local Government Code, and does not seek to preempt the State's regulation, it is not in violation of Article 3, Section 1 of the Texas Constitution.

■ The trial court did not specify in its order the grounds on which it granted the summary judgment. In his brief, Robinson raises a general issue on appeal-that the trial court erred in granting the County's motion for summary judgment. Such a point of error allows us to review all possible grounds on which the County's motion for summary judgment may properly have been denied. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

In its amended motion for summary judgment, the County contended that the trial court should not declare its regulation unconstitutional or enjoin its enforcement because (1) as the regulation is penal in nature, it cannot be enjoined by a court of equity without a showing by Robinson that he has suffered an injury to vested property rights and has no adequate remedy at law; (2) the defense of the alleged invalidity of the regulation in a criminal prosecution is an adequate remedy at law; and (3) jurisdiction of the court has not been invoked because Robinson failed to join as a defendant the criminal district attorney of Jefferson County.

■ The regulation is penal in nature. It makes it a punishable offense for "any person to possess or consume any alcoholic beverage on the premises" of establishments such as that being operated by Robinson, unless authorized by a permit or license issued pursuant to the Texas Alcoholic Beverage Code. Any person violating one of the regulatory provisions authorized under Chapter 243 commits a Class A misdemeanor. Tex.Loc.Gov't Code Ann. § 243.010(b) (Vernon 1999). Because Texas has a bifurcated system of civil and criminal jurisdiction, the authority of a civil court to declare a criminal statute unconstitutional and enjoin its enforcement is limited to situations where there is evidence that (1) the statute at issue is unconstitutionally applied by a rule, policy, or other noncriminal means subject to a civil court's equity jurisdiction, and irreparable injury to property or personal rights is

threatened; or (2) the enforcement of an unconstitutional statute threatens irreparable injury to property rights. *State v. Morales*, 869 S.W.2d 941, 942 (Tex.1994). The *Morales* case involved a challenge to the constitutionality of the state sodomy statute. Based on the representation of the attorney general that the statute had not and probably would not be enforced against consenting adults acting in private, and that even if the statute were enforced no vested property rights were alleged to be affected thereby, the Supreme Court determined that the court had no jurisdiction to declare the statute unconstitutional and enjoin its enforcement. *State v. Morales*, 869 S.W.2d at 946–47. In *City of Houston v. MEF Enters., Inc.*, 730 S.W.2d 62 (Tex.App.—Houston [14th Dist.] 1987, no writ), the court reversed the trial court's granting of a temporary injunction against the enforcement of Houston's ordinance regulating sexually-oriented businesses. Besides finding no constitutional infirmity, the court held there was no vested property right to operate a sexually-oriented business and that an adequate remedy at law, defense of a criminal prosecution, existed.

The leading case on this issue is *City of Austin v. Austin City Cemetery Ass'n*, 87 Tex. 330, 28 S.W. 528 (1894). The City of Austin enacted an ordinance limiting the location of land used for cemetery purposes to certain areas of the City. The ordinance provided in part that "[a]ny person who shall bury, or cause to be buried, or in any manner aid or assist in the burial of the dead body of a human being, in violation of … this ordinance shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined not less that fifty dollars, nor more than two hundred dollars." *City of Austin v. Austin City Cemetery Ass'n*, 28 S.W. at 529.

The Supreme Court in that case found both the irreparable injury to a vested property right and the lack of an adequate remedy at law. In so holding the court stated:

No one, we apprehend, without some considerable inducement, will do an act which may cause him to be arrested and prosecuted, however clear he might be in his own mind that the act constituted no violation of the criminal law. A criminal prosecution is unpleasant to all people who have due respect for the law, and almost necessarily involves inconvenience and expense. As long as the ordinance remains undisturbed, it acts in terrorem, and practically accomplishes a prohibition against the burial of the dead within the limits of the city of Austin, save in the excepted localities. Under these conditions, who would venture to bury, or be concerned in burying, a dead body in appellee's ground, or who would purchase a lot in its cemetery?

*City of Austin v. Austin City Cemetery Ass'n*, 28 S.W. at 529–30. The ordinance in that case could be enforced not only against the owner of the property, but also against the family of the deceased who decided to place their loved one's last remains there and against the individual actually digging the grave. With this ordinance in force, the landowner would never be able to use his land for the purpose for which he acquired it.

The court makes a clear distinction, in the case of a commercial enterprise, between an ordinance prohibiting activities solely on the part of the seller and those imposing criminal penalties on customers as well. In the *Austin Cemetery* case, the ordinance not only prohibited the use of the land for human burial purposes, but also prohibited individuals from causing or aiding in such burials. The importance of this factor is recognized by other appellate decisions. *See Cabell's, Inc. v. City of Nacogdoches*, 288 S.W.2d 154 (Tex.Civ. App.—Beaumont 1956, writ ref'd n.r.e.); *see also City of Houston v. Jas. K. Dobbs Co. of Dallas*, 232 F.2d 428 (5th Cir.1956); *Park 'N Fly of Texas, Inc. v. City of Houston*, 327 F.Supp. 910, 918 (S.D.Tex. 1971). The absence of such a risk to potential customers of the affected business

was an important factor in the Dallas Court of Appeals' reversal of a district court injunction against enforcement of an ordinance regulating the housemoving industry. In that case, the court stated:

> The housemovers are free to disregard the ordinances and test their validity as a defense to prosecution. *No penalty is prescribed for those employing housemeovers [sic] in violation of the ordinances, and, with respect to the storage regulation, no customer is even remotely involved in the acts which constitute the violation.* The housemovers have not shown that the enforcement of the ordinance will cause them any harm other than that inherent in prosecution for an offense. This does not constitute irreparable harm in this context.

*City of Dallas v. Dallas County Housemovers Ass'n,* 555 S.W.2d 212, 214–15 (Tex. Civ.App.—Dallas 1977, no writ) (emphasis added).

■ Robinson's summary judgment evidence shows that his establishment suffers an adverse economic impact from the enforcement of the regulation. Customers generally consume alcoholic beverages while being entertained at the adult cabaret. His business loses sales on "set ups." Most importantly, the County admits that customers who consume alcoholic beverages in Robinson's establishment are subject to arrest and prosecution. The County has admitted that Robinson has a vested property interest in his establishment.

In a supplemental letter brief, the County cites to *City of Longview v. Head, supra.* In that case, Head sought a declaration that Chapter 47 of the Texas Penal Code, relating to gambling, was unconstitutional. The Tyler Court of Appeals concluded that, in view of Head's bare allegation that Chapter 47 of the Penal Code is unconstitutional, Head's failure to identify by allegation or proof any particular vested property right harmed by the application of Chapter 47, his petition's attack only on an attorney general's opinion, and his failure to request injunctive relief, the

court had no jurisdiction. The Tyler Court of Appeals' decision was proper, in view of the pleadings of that case, and was in accord with the principles we have set forth. But, as we have noted, Robinson's pleadings have met the requirement for injunctive relief if it establishes that the regulation is unconstitutional.

We conclude that Robinson has shown that the remedy of defense to a prosecution is not an adequate remedy for him to challenge the validity and constitutionality of the County's regulation. Cases arising from facts similar to those in this case, where the penal regulation or ordinance may be enforced against not only the business owner but also his customers, have held that defense of a prosecution is not an adequate remedy at law.

■ The County has also challenged the trial court's jurisdiction on the basis that Robinson failed to join as a necessary party the criminal district attorney of Jefferson County. In making this argument, the County relies heavily on *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d 295 (Tex.App.—Austin 1996, no writ).

In *Lone Starr,* the theaters sued the State and the attorney general, seeking a declaratory judgment that the State's obscenity statutes were unconstitutional, and seeking to enjoin the enforcement of the statutes. The State and the attorney general challenged the court's jurisdiction on the grounds that Lone Starr's pleadings did not meet the jurisdictional requirements of *State v. Morales, supra,* and that a declaratory judgment would not terminate the controversy between the parties. The trial court denied the State's challenge on the first ground, but sustained its challenge on the second ground. *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d at 297.

■ In its opinion, the Austin Court of Appeals stated:

> We believe this jurisdictional rule necessarily, albeit implicitly, imposes a re-

quirement that the party responsible for *enforcement* of the allegedly unconstitutional statute, either by prosecution or by promulgation of a rule adopted for the purpose of implementing such statute, must be the defendant against whom suit for declaratory or injunctive relief is brought.

*Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d at 297. The court also held that the naming of the party with enforcement authority as a defendant in a suit challenging the statute's constitutionality, "is essential to effectuate the well-settled principle that courts are without jurisdiction to render advisory opinions." *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d at 297. As stated by the Austin court in a later case:

> We agree that a court is without jurisdiction to determine the constitutionality of a statute unless a party with authority to enforce the challenged statute is named in the suit; otherwise, the judgment would amount to an advisory opinion, which courts are unauthorized to give.

*Rylander v. Caldwell,* 23 S.W.3d 132, 138 (Tex.App.—Austin 2000, no pet. h.) (citing *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d at 297).

In the *Lone Starr* case, the district attorney was, by pertinent constitutional and statutory provisions, the individual responsible for enforcement of the obscenity statutes. According to TEX.GOV'T CODE ANN. § 44.223(a) (Vernon Supp.2001), the criminal district attorney of Jefferson County is designated as the person who shall represent Jefferson County in any court in which the county has pending business. Thus, the criminal district attorney is responsible for the enforcement of the sexually-oriented business ordinance and regulations. That person has not been named a party defendant in this suit.

Robinson points to the court's language in the *Lone Starr* case stating that the party to be joined must be the party responsible for enforcement of the ordinance, "either by prosecution *or* by promulgation of a rule adopted for the purpose of implementing" the ordinance, as indicating that either the enforcement person or the regulatory authority itself, but not both, must be joined. We do not read the court's opinion that broadly. In fact, in *Lone Starr* the court expressly held that the district attorney or county attorney was a necessary party, even though the plaintiff had joined the State, which had enacted the statute and could implement it by appropriate regulation.

■ The court in *Lone Starr* mentions two kinds of situations in which the exercise of jurisdiction by a court of equity would be appropriate: (1) where the allegedly unconstitutional act is sought to be applied by a rule, policy, or other noncriminal means; and (2) where the act is sought to be enforced by means of criminal prosecution. *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d at 297.

The first type of situation occurs when no injunctive relief is sought against the statute itself, but rather relief is sought to prevent administrative enforcement of an administrative regulation adopted for the purpose of implementing the statute. *State v. Morales,* 869 S.W.2d at 945–46; *see also Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d 61, 62–63 (Tex.1969), in which the plaintiff sought declaratory and injunctive relief against the school board and its members, who had sought to require a supplemental enrollment form which required the student to declare that he was not a member of a secret society in violation of the Texas Penal Code. *Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d at 62–63. The court distinguished this case from actions to enjoin criminal prosecutions. *Passel v. Fort Worth Indep. Sch. Dist.,* 440 S.W.2d at 64. The second type of situation is an action to enjoin the criminal enforcement of a statutory provision.

■ We think the portion of the opinion quoted above requires that the party responsible for either the criminal enforce-

ment or the promulgation of an administrative regulation be joined as a party defendant, depending on which situation is applicable. Here, Robinson does not seek to enjoin a noncriminal administrative regulation, as was the case in *Passel;* he clearly seeks to enjoin a criminal prosecution of the County's ordinance prohibiting the consumption of alcoholic beverages in his establishment. Thus, the applicable requirement would be the joining of the party responsible for the criminal enforcement of the provision challenged by Robinson, i.e., the criminal district attorney.

 The reasoning of the Austin court in *Lone Starr* is sound: enforcement of criminal statutes is normally a matter for criminal courts, by prosecutions conducted by the appropriate prosecuting official empowered by law to do so. If the exceptional circumstances exist which justify the intervention of a court of equity, the normal requirements of the equity court must be observed. Generally, in noncriminal matters where a party seeks to enjoin the activities of a state agency, the party must sue an individual in authority at the agency and not only the agency itself. *See Nabejas v. Texas Dep't of Pub. Safety,* 972 S.W.2d 875, 876 (Tex.App.—Corpus Christi 1998, no pet.).

We conclude, therefore, that while the requirements of adequate remedy at law by defense of a criminal prosecution and irreparable injury to a vested property interest have been met in this case, the failure to join as a party defendant the criminal district attorney of Jefferson County, the official authorized by law to enforce the sexually-oriented business regulations, deprived the trial court of jurisdiction.

In view of this disposition, we do not reach the other questions raised by the briefs.

The judgment of the trial court is affirmed.