# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00762-CV

**American Veterans, Department of Texas, and Veterans of Foreign Wars, Department of Texas, Appellants//City of Dallas, Cross-Appellant**

**v.**

**City of Austin, City of Dallas, and the Honorable Greg Abbott, Office of the Attorney General of Texas, Appellees//American Veterans, Department of Texas, and Veterans of Foreign Wars, Department of Texas, Cross-Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GN301204, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

American Veterans, Department of Texas, and Veterans of Foreign Wars, Department of Texas, appeal from the trial court's dismissal of their declaratory judgment action that sought to invalidate smoking ordinances in the cities of Austin and Dallas.[1] Appellants sued Austin and Dallas and the Honorable Greg Abbott, Attorney General of the State of Texas. The Attorney General was first dismissed as a party based on his plea to the jurisdiction. Austin and Dallas also filed pleas to

---

[1] The cities of Austin and Dallas will be referred to as "Austin," "Dallas," or "Cities" depending on the context.

the jurisdiction that were later granted, creating a final judgment. We affirm the trial court's judgment.

## Factual and Procedural Background

Appellants are non-profit fraternal organizations that provide educational, charitable, and cultural programs to Texas veterans. Among other activities, they operate bingo halls. They contend that smoking ordinances may inhibit the amount of business in these bingo halls. In April 2003, appellants sued Austin, Dallas, and the Attorney General. Appellants first sought declaratory and injunctive relief on their claims challenging the validity of anti-smoking ordinances in Austin and Dallas and the validity of an attorney general opinion.[2] Appellants later amended their petition to request only declaratory relief. Appellants argued that the anti-smoking ordinances violated the due process and equal protection clauses of the Texas Constitution, as well as violating sections 1.08 and 48.01 of the Texas Penal Code. The Attorney General and the Cities filed pleas to the jurisdiction challenging appellants' standing and the trial court's jurisdiction to issue the requested declaration.

In three issues on appeal, appellants contend that the trial court erred in granting the Attorney General's and the Cities' pleas to the jurisdiction (one and two) and in denying appellants' motion to apportion costs (three).

---

[2] Austin, Tex., Code § 12-5-1—12-5-14 (2003) (Ordinance No. 030605-17); Dallas, Tex., Code § 41-1—41-12 (2003) (Ordinance No. 25168); Op. Tex. Att'y Gen. No. JM-737 (1987).

**Discussion**

## *I. Dismissal of Attorney General*

In their first issue, appellants contend that the trial court erred in granting the Attorney General's plea to the jurisdiction. The Attorney General's plea asserted that appellants did not have standing and that there was no live controversy between the parties, rendering the case non-justiciable. Appellants offer several bases to overturn the trial court's ruling: their action raised a live controversy against the Attorney General; their action called for a declaration that an attorney general opinion was invalid; and their action sounded in *quo warranto*.

### *Justiciable Controversy*

A declaratory judgment action must name as parties all persons who have or claim any interest that might be affected by the declaration. Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (West 1977) (hereafter, Civ. Prac. & Rem. Code). The attorney general must be served with a copy of any proceeding challenging the constitutionality of a statute or ordinance and "is entitled to be heard." *Id*. § 37.006(b). However, it does not automatically follow that there is a justiciable controversy between the parties that will be resolved by the declaration. *See Lone Starr Multi Theaters, Inc. v. State*, 922 S.W.2d 295, 297 (Tex. App.—Austin 1996, no writ).

The Attorney General contends that no justiciable controversy exists because this suit attacks criminal ordinances. The Attorney General does not have the authority to enforce the ordinances in question. *See id*. at 298. In *Lone Starr*, the court dismissed for want of jurisdiction when the plaintiff sued only the State and the Attorney General for declaratory and injunctive relief over the constitutionality of the State's criminal obscenity statutes. The Court noted: "That the

3

attorney general must be given notice of a suit to declare a statute unconstitutional does not suggest, as Lone Starr contends, that the attorney general is the proper party to sue in an action for declaratory relief from the enforcement of a criminal statute." *Id*. The Court opined that the party responsible for enforcing the statute must be the defendant against whom a suit for declaratory or injunctive relief was brought. *Id*. at 297. The Court held that because the Attorney General had no authority to enforce the statute at issue in that case, there was no justiciable controversy between the parties, rendering any opinion advisory. *Id*. at 297-98.[3]

In this case, as in *Lone Starr*, the Attorney General does not have enforcement authority over these ordinances. A justiciable issue between appellants and the Attorney General is not present. *See id*.

### The Attorney General Opinion

Appellants have also asserted a claim for declaratory relief regarding the validity of Attorney General Opinion JM-737, advising the Harris County attorney that a City of Houston smoking ordinance was not preempted by section 48.01 of the Texas Penal Code. The appellants argue that an amendment to the Penal Code deleted the section discussed in this opinion, thus rendering JM-737 invalid.[4]

---

[3] The district and county attorneys who had the authority to enforce the statute should have been named as defendants. *Lone Starr Multi Theaters, Inc. v. State*, 922 S.W.2d 295, 298 (Tex. App.—Austin 1996, no writ).

[4] The deleted section specifically stated that the provisions of section 48.01 did not preempt any ordinance adopted by a government entity now or in the future dealing with smoking. *See* Act of May 8, 1975, 64th Leg., R.S., ch. 290, § 2, 1975 Tex. Gen. Laws 744, 745.

Opinions of the Attorney General are advisory in nature. *Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996); *Texas Alcoholic Beverage Comm'n v. Amusement & Music Operators of Tex., Inc.*, 997 S.W.2d 651, 656 (Tex. App.—Austin 1999, pet. dism'd w.o.j.); *Weaver v. Head*, 984 S.W.2d 744, 746 (Tex. App.—Texarkana 1999, no pet.). Such opinions are considered persuasive and are given due consideration, but are not binding on a court. *See Henry v. Kaufman County Dev. Dist. No. 1*, 150 S.W.3d 498, 503-04 (Tex. App.—Austin 2004, pet. dism'd by agr.); *City of Garland v. Dallas Morning News*, 969 S.W.2d 548, 554 (Tex. App.—Dallas 1998), *aff'd*, 22 S.W.3d 307 (Tex. 2000). A court may invalidate an opinion of the Attorney General by making a contrary ruling interpreting a statute, or by taking a position otherwise contrary to the position expressed in the attorney general opinion. *Head*, 984 S.W.2d at 746.

JM-737 was issued in response to a specific question about a smoking ordinance in Harris County. A court challenge to that ordinance would be the appropriate vehicle to invalidate that ordinance. A litigant might cite the opinion as persuasive authority. However, that opinion does not have the precedential value of a court opinion—it would simply be one of many factors for the trial court to consider in making its decision about the validity of such an ordinance.

Similarly, appellants must challenge the Cities' ordinances. The Uniform Declaratory Judgments Act permits courts to declare "rights, status, and other legal relations." Civ. Prac. & Rem. Code § 37.001(a). However, if no justiciable claim exists between the parties, declaratory relief is not appropriate. *See Bonham v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A justiciable controversy consists of something more than a theoretical dispute; such a controversy exists if a genuine conflict of tangible interest exists and the declaration sought will resolve the controversy. *See Texas Dep't*

*of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). In this case, the "genuine conflict of tangible interests" is between the appellants and the cities of Dallas and Austin based on their ordinances, which may not even have been based on this attorney general opinion. The declaration that would resolve the real controversy is a declaration concerning the validity of the *ordinances*, not the validity of the attorney general opinion.

### Quo Warranto

Appellants assert that their claims against the Attorney General are properly within the trial court's jurisdiction because the claims are "in the nature of a *quo warranto*."[5] However, a suit in the nature of a quo warranto may be brought only by the Attorney General or the county or district attorney of a proper county, either upon his own motion or at the request of an individual relator. Civ. Prac. & Rem. Code § 66.002; *see Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998); *Newson v. State*, 922 S.W.2d 274, 277 (Tex. App.—Austin 1996, writ denied). Further, a *quo warranto* proceeding must state that "the information is sought in the name of the State of Texas." Civ. Prac. & Rem. Code § 66.002(b). In this case, neither the Attorney General nor the county or district attorneys for Travis and Dallas Counties have brought this action. Accordingly, this case does not sound in *quo warranto*.

---

[5] Appellants note that the State may bring a quo warranto proceeding to protect itself and the general public. *See* Tex. Civ. Prac. & Rem. Code Ann. § 66.001 (West 1997) (hereafter Civ. Prac. & Rem. Code). They contend that the State should have brought a proceeding to challenge the Cities' ordinances as being in conflict with State law. Because the State did not bring such a suit, they contend that they were entitled to bring the case. Appellants cite no authority for the proposition that they were entitled to "step into the attorney general's shoes."

We have considered and rejected appellants' arguments concerning their ability to maintain this suit against the Attorney General. We overrule appellants' first issue.

### II. Cities of Austin and Dallas—Pleas to the Jurisdiction

In their second issue, appellants contend that the trial court erred in granting the pleas to the jurisdiction of the cities of Austin and Dallas. The Cities filed pleas to the jurisdiction challenging appellants' standing and the trial court's jurisdiction to issue a declaration concerning a penal statute.

Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). For this reason, the appellate court applies a *de novo* standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.; Webb County v. Sandoval*, 126 S.W.3d 264, 266 (Tex. App.—San Antonio 2003, no pet.). A plaintiff bears the burden to establish the trial court's jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A trial court is authorized to hear evidence as necessary to determine jurisdictional issues. *Miranda*, 133 S.W.3d at 223; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2002).[6]

### *"Naked Declaration" Concerning Criminal Law*

A civil court may not issue naked declarations of rights, status, or other legal relationships arising under a penal statute. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994);

---

[6] Appellants contend that the trial court erroneously determined that they do not have standing. Even if appellants had standing, the trial court lacked subject matter jurisdiction on other grounds, so standing will not be discussed. *See* Tex. R. App. P. 47.1 (court to hand down written opinion that is as brief as practicable but addresses every issue raised and necessary to final disposition).

*Veterans of Foreign Wars v. Abbott*, No. 03-02-00047-CV, 2003 Tex. App. LEXIS 6326, at *6 (Tex. App.—Austin July 24, 2003, no pet.) (mem. op.); *Robinson v. Jefferson County*, 37 S.W.3d 503, 506 n.1 (Tex. App.—Texarkana 2001, no pet.); *City of Longview v. Head*, 33 S.W.3d 47, 52 (Tex. App.—Tyler 2000, no pet.). Because Texas has a bifurcated system of criminal and civil jurisdiction, the meaning and validity of a penal statute or ordinance should ordinarily be determined by courts exercising criminal jurisdiction. *Robinson*, 37 S.W.3d at 507-08. Therefore, an equity court's power to interfere with the enforcement of a criminal statute is extremely limited. A court will not evaluate the constitutionality of a criminal statute without a request for injunctive relief. *See Morales*, 869 S.W.2d at 942; *Robinson*, 37 S.W.3d at 506 n.1. We turn now to the nature of the ordinances at issue.

Appellants contend that they are not attacking a criminal law, but rather a regulation. However, appellants' live pleading before the trial court states: "At issue here is the extent to which the city may *make a crime* out of behavior, possessing burning tobacco in a private business, that is not criminal under the Texas Penal Code." (Emphasis added.) Further, "Appellants do not seek to enjoin any criminal action. Instead, they seek declaratory and mandamus relief." Both the Dallas and the Austin ordinances create Class C misdemeanors punishable by a fine, thus creating a criminal offense.[7]

Appellants specifically excised their request for injunctive relief in their first amended original petition. Appellants also represented to the trial court that they were not seeking injunctive

---

[7] Appellants also assert that the anti-smoking ordinances are preempted by section 48.01 of the Texas Penal Code. Because we determine that the trial court properly dismissed the case based on the plea to the jurisdiction, we need not reach this preemption issue. *See* Tex. R. App. P. 47.1.

8

relief. Appellants' failure to seek injunctive relief deprives the court of jurisdiction because a civil court does not have jurisdiction to make the naked declarations requested by appellants. *See Morales*, 869 S.W.2d at 941; *Veterans*, 2003 Tex. App. LEXIS 6326, at *6; *Dallas County Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.—Dallas 1998, no pet.).[8]

### *Amendment of Pleadings*

Appellants contend that they should have been given an opportunity to amend their pleadings before dismissal. The hearing on the plea to the jurisdiction was held September 9, 2003, some three weeks after the Cities' pleas to the jurisdiction raising the "naked declaration" issue were filed. Nothing in the record shows that appellants attempted to amend their pleadings after that plea was filed. Instead, at the hearing on the plea to the jurisdiction, appellants maintained their position that they were not attacking a criminal statute and that the line of cases relied upon by appellees was simply inapposite. Appellants were fully notified of the pleading deficiency—rather than asking for leave to amend, their actions demonstrated that they chose to stand on the pleadings that affirmatively negated jurisdiction. This failure to amend their pleadings in response to the plea to the jurisdiction waived their right to amend pleadings before dismissal. *See Kassen v. Hatley*, 887 S.W.2d 4, 13-14 n.10 (Tex. 1994); *O'Neal v. Texas Bd. of Chiropractic Examr's*, No. 03-03-270-CV, 2004 Tex. App. LEXIS, at *10-11 (Tex. App.—Austin September 10, 2004, no pet.) (mem.

---

[8] Appellants have not met their burden to bring themselves within the ability of a court of equity to enjoin the enforcement of a penal ordinance that is unconstitutional and whose enforcement will cause irreparable harm to a vested property right. *See, e.g.*, *Cornyn v. Akin*, 50 S.W.3d 735, 737 (Tex. App.—El Paso 2001, no pet.); *Hang on III, Inc. v. Gregg County*, 893 S.W.2d 724, 726 (Tex. App.—Texarkana 1995, writ dism'd). They have made no showing of harm to vested property rights.

op.).[9] Appellants' first amended pleading, on which they chose to stand, affirmatively negated the trial court's jurisdiction. Accordingly, we overrule issue two.

### III. Costs

In their third issue, appellants contend that the trial court did not have jurisdiction to award costs because the court dismissed the case for want of jurisdiction. Appellants also argue that there is good cause to apportion costs because evidence on the pleas to the jurisdiction was not required, making deposition costs incurred unnecessary and unreasonable.

### *Jurisdiction*

A court retains jurisdiction to award costs even if the trial court determines it does not have jurisdiction over the suit. *Baines v. Mensing,* 12 S.W. 984, 985 (Tex. 1889); *Nicholson v. Mills*, 227 S.W.2d 354, 356 (Tex. Civ. App.—1950, writ ref'd). "A party cannot attempt to invoke the jurisdiction of a court by suit, and say he is exempt from the costs of the proceeding on the ground that the court had no jurisdiction." *Baines,* 12 S.W. at 985.

---

[9] *Cf. Texas A & M Univ. Sys. v. Koseoglu*, 167 S.W.3d 374, 383 (Tex. App.—Waco 2005, pet. filed) (criticizing *O'Neal v. Bd. of Chiropractic Examr's*, No. 03-03-00120, 2004 Tex. App. LEXIS 8254, at *11 (Tex. App.—Austin Sept. 10, 2004, no pet.) (mem. op.)). The current case does not involve mere inaction on plaintiffs' part, but an amendment that removed certain allegations, a failure to request leave to amend in response to the plea to the jurisdiction, and an affirmative representation to the court at the hearing on plea that injunctive relief was not sought. Appellants also complain that the plea to the jurisdiction procedure was too similar to a summary judgment procedure without the protections of that procedure. Appellants' concerns are addressed in *Texas Department of Parks and Wildlife v. Miranda*, particularly in Justice Brister's dissent criticizing current plea to the jurisdiction practice. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 239-45 (Tex. 2004).

*Apportionment of Costs*

Even if the trial court had jurisdiction, appellants argue that costs should be allocated between the parties.[10] "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. The underlying purpose of the rule is "to ensure the prevailing party is freed of the burden of court costs and that the losing party pays those costs." *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 378 (Tex. 2001). Taxing costs against a successful party or ordering each party to pay their own costs generally contravenes Rule 131. *Id*. at 376. The trial court may adjudge the prevailing party's costs against it only on a showing of "good cause." *Id.* at 376-77; *see also* Tex. R. Civ. P. 141. Good cause is shown only if the prevailing party has unnecessarily prolonged the proceedings, unreasonably increased the costs, or otherwise did something that should be penalized. *Furr's Supermarkets*, 53 S.W.2d at 377.

The grant of their pleas to the jurisdiction made the Cities the successful parties to this suit. Tex. R. Civ. P. 131; *Dear v. City of Irving*, 902 S.W.2d 731, 739 (Tex. App.—Austin 1995, writ denied) (a "prevailing party" is one who is vindicated by judgments rendered). In this case, appellants did not meet their burden of showing "good cause" to deviate from the allocation of costs as prescribed by Rule 131. Appellants filed suit in mid-April 2003. The trial court entered its final judgment in mid-November 2003. Appellants contend that appellees ran up costs by taking unnecessary depositions without identifying the specific depositions they claim are unnecessary or unreasonable. Appellants assert that depositions are unnecessary to support a plea to the jurisdiction because no facts are necessary to make a determination about standing. However, under current plea

---

[10] We note that this is not a case in which plaintiff and defendant prevailed in part or in which it is difficult to ascertain whether there was a "prevailing party." Plaintiffs received none of the relief they sought; defendants received all of the relief they sought.

to the jurisdiction practice, trial courts can and do consider evidence in addition to the pleadings: "[B]ecause a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case." *Bland*, 34 S.W.3d at 354. The court is not required to look solely at the pleadings to determine a plea to the jurisdiction. *Id*. Appellants themselves introduced the depositions in the plea to the jurisdiction hearing. Appellants have not demonstrated that the prevailing parties unnecessarily prolonged the proceedings, unreasonably increased costs, or performed some other act that should have been penalized. *See Furr's Supermarkets*, 53 S.W.3d at 377.

Appellants have not demonstrated good cause to disturb the trial court's award of costs in accordance with Rule 131. Accordingly, we overrule issue three.

### Conclusion

We have overruled appellants' issues presented. Appellee City of Dallas filed notice of appeal for a conditional cross-point, asking that if we did not affirm the trial court's judgment that we review the trial court's disposition of the City of Dallas's motion to transfer venue. Because of our disposition of the case, we need not address this cross-point. We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 15, 2005